# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00155-CR

**Henry Prince, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-2004-3041684, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After accepting appellant Henry Prince's guilty plea, the district court adjudged him guilty of burglary of a habitation and imposed a fifteen-year prison sentence. *See* Tex. Pen. Code Ann. § 30.02 (West 2003). In his only point of error, Prince urges that the conviction must be reversed because the trial court's conflicting admonishments regarding punishment raise "grave doubt" as to whether the guilty plea was knowingly and voluntarily made. We will overrule this contention and affirm the conviction.

Following his arrest in September 2004, Prince was found incompetent to stand trial and committed to the Austin State Hospital. On January 5, 2005, Prince reappeared in district court and was at that time determined to be competent. Prince told the court that he was not guilty of burglary. Before continuing the cause to a later date, the court correctly advised Prince that the penalty range for the charged offense was two to twenty years.

Prince returned to court on February 10, 2005, and entered a plea of guilty. Introduced as court's exhibit one was a written admonishment and judicial confession signed by Prince and his attorney. By his initials on this form, Prince indicated that he had been told and understood that the offense was a second degree felony carrying a punishment of two to twenty years in prison and a fine of up to $10,000. Prince also told the court that he had discussed the document with his attorney and understood it. After Prince entered his plea, however, the court asked him if he understood that the range of punishment was two to *ten* years. Prince said he understood. Prince's counsel did not object or ask the court to correct its misstatement of the punishment range. The court accepted the plea and reset the cause for sentencing.

Sentencing was held on February 22, 2005. After hearing brief testimony by the arresting officer and reviewing the presentence report, the court assessed punishment at fifteen years' imprisonment.

Prince acknowledges being told the correct punishment range on February 5. He also concedes that he was properly admonished in writing pursuant to article 26.13. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1), (d) (West Supp. 2005). Nevertheless, he urges that the trial court's misstatement of the punishment range after he pleaded guilty—and his reply to the court at that time that he understood the punishment range—raises a serious question as to whether he truly appreciated the punishment he risked by pleading guilty without a plea bargain. He asserts that the court's misstatement of the punishment range was nonconstitutional error that should be analyzed for harm in the manner described in *Burnett v. State*, 88 S.W.3d 633, 637-39 (Tex. Crim. App. 2002).

In *Burnett*, the trial court totally failed to admonish the defendant regarding the range of punishment. The court wrote:

2

[I]f the reviewing court has "a grave doubt" that the result was free from the substantial influence of the error, then it must treat the error as if it did. "Grave doubt" means that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." Thus, "in cases of grave doubt as to harmlessness the petitioner must win."

*Id*. at 637-38 (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986) and *O'Neal v. McAninch*, 513 U.S. 432, 433-36 (1995)) (footnotes omitted). The court went on:

[T]o warrant a reversal on direct appeal, the record must support an inference that appellant *did not know* the consequences of his plea. Reviewing courts must examine the entire record to determine whether, on its face, anything in the record suggests that a defendant did not know the consequences of his plea—here, the range of punishment. . . . The reviewing court also may simultaneously consider record facts from which one would reasonably infer that a defendant did know the consequences of his plea or, in this case, was actually aware of the range of punishment. . . . If, after a conscientious examination of the record, the reviewing court is left with "grave doubt" on the matter, the error is not harmless.

*Id*. at 638-39 (footnotes omitted). The court of criminal appeals determined that the record as a whole demonstrated that the defendant knew the range of punishment, and therefore the trial court's failure to admonish him as to the punishment range was harmless error. *Id*. at 641.

In his brief, Prince argues that "[t]here is no reason to believe that by virtue of the correct admonishments provided at the January 5 arraignment and on the written plea form, [he] should have known that the trial court's recitation of a ten year maximum was incorrect. In fact, [he] affirmed that he understood the ten year maximum to be correct upon inquiry by the trial court." Prince concludes that "the present record leaves grave doubt as to whether [he] was aware of the correct range of punishment" and therefore the conviction must be reversed.

3

A conscientious review of the record leaves little doubt, much less grave doubt, that appellant knew the actual range of punishment for this offense. The record reflects that before announcing his plea, Prince had twice been told the correct range of punishment: at the February 5 hearing and in the written admonishments. Thus, the record supports the inference that at the time he pleaded guilty, Prince understood that he could receive up to twenty years in prison. And because the court's misstatement of the punishment range was made *after* Prince entered his guilty plea, albeit before the plea was accepted, there is no basis in the record for suspecting that the misstatement induced the plea. There is no reason to believe that Prince would have withdrawn his guilty plea if he had been told the correct punishment range—for the third time—after the plea was entered.

Under the circumstances shown, we conclude that the trial court's misstatement of the punishment range after the guilty plea was entered did not mislead or harm Prince. Therefore, we overrule the point of error and affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: August 4, 2006

Do Not Publish

4